William Kuchinski, Deceased, by Marion Kuchinski, Widow and Surviving Spouse, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Williams Bakery, Respondents.

Argued September 11, 1978, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*David J. Fallk,* with him *Robert W. Munley,* and *Munley & Munley,* for petitioner.

*John R. Lenahan,* with him *John R. Lenahan, Sr.,* and *Lenahan, Dempsey & Murphy,* and *James N. Diefenderfer,* for respondents.

PER CURIAM OPINION, October 20, 1978:

This case comes before us by way of a petition for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision denying compensation to William J. Kuchinski (Claimant) for his alleged exposure to an occupational disease hazard while employed by the Williams Baking Company (Employer). The referee found that Claimant failed to prove that he was exposed to an occupational disease hazard during his employment within the meaning of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. Specifically, he concluded that neither Section 301(c), 77 P.S. §411 nor Section 108(n), as added by Section 1 of the Act of October 17,

1972, P.L. 930, *as amended,* 77 P.S. §27.1(n), supports Claimant's contention that he had suffered a compensable injury.

Since the party bearing the burden of proof did not prevail below, the sole issue presented in this case is whether the referee's findings were made as a result of a capricious disregard of competent evidence. This scope of review involves more than mere disbelief of a witness or other competent evidence: it involves such deliberate disbelief of the undoubted testimony or evidence from an apparently trustworthy source as would be repugnant to a man of reasonable intelligence. *Workmen's Compensation Appeal Board v. Sullivan,* 22 Pa. Commonwealth Ct. 386, 348 A.2d 925 (1975).

It is clear from the record that the relevant medical evidence was conflicting. The referee, in adjudging the credibility of the witnesses,[1] simply chose to believe that physician who testified in opposition to the Claimant's claim. There is no doubt that the evidence which he relied upon was competent. We see no reason to disturb the referee's findings, as affirmed by the Board.[2]

---

[1] It is well established that such a determination is in the referee's purview. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

[2] We note that the claimant elected to file under The Pennsylvania Workmen's Compensation Act rather than The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq. Ordinarily, we might be inclined to remand this case to permit the Claimant to proceed thereunder. *See Workmen's Compensation Appeal Board v. Wlodarczyk,* 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975). However, given the referee's conclusion that the Claimant was last exposed to an occupational disease hazard in 1967, the strictures of The Pennsylvania Occupational Disease Act would have required him to file a claim no later than mid-1973. The claim petition here involved was filed in January of 1975. It is clear, therefore, that the Claimant is barred from proceeding further.

## Order

And Now, this 20th day of October, 1978, the order of the Workmen's Compensation Appeal Board dated July 7, 1977, denying benefits to Marion Kuchinski, is hereby affirmed.