Regis L. Harrigan, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and City of Johnstown, Respondents.

Submitted on briefs, September 29, 1978, to Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*S. R. DiFrancesco, Sr.,* for petitioner.

*Edward G. Kuyat, Jr.,* with him *Kuyat & Walker* and *Sandra S. Christianson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE MENCER, February 12, 1979:

Regis L. Harrigan (claimant) appeals the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's dismissal of his claim petition.

Claimant was employed as a fireman by the City of Johnstown from November 15, 1951 to May 4, 1975. It is undisputed that he had been exposed to stress, exertion, and other hazards accompanying a firefighter's duties. While fighting a fire in the fall of 1974, claimant experienced his first heart pains which lasted about ten minutes. After resting, he returned to his duty. He reported having similar pains once again in March 1975. On May 5, 1975, while not on duty, he experienced pain and was admitted to the hospital with a provisional diagnosis of preinfarction angina. On May 8, 1975, while a patient at the hospital, he suffered a myocardial infarction from which he recovered. He last attended a fire approximately one month before his hospitalization. Undisputed testimony indi-

cated that claimant had a coronary artery disease which had developed prior to his hospitalization over a period of approximately two years.

The referee made the following findings of fact:

15. The claimant is totally and permanently disabled as the result of his coronary artery disease.

16. The coronary artery disease was due to natural causes and progressive development and is unrelated to nor was it precipitated by any of his activities as a fireman.

Based upon these findings, the referee concluded that claimant was not disabled as a result of an occupational disease as defined in Section 108(o) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended* (Workmen's Compensation Act), added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(o).[1] Section 108 provides:

The term 'occupational disease,' as used in this act, shall mean only the following diseases.

. . . .

(o) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit of safety of the public, *caused by* extreme overexertion in times of stress or danger or by exposure to heat, smoke, fumes or gasses, arising

---

[1] Claimant filed his petition alternatively under the provisions of the Workmen's Compensation Act and The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq., pursuant to Section 444 of the Workmen's Compensation Act, 77 P.S. §1000. The Board dismissed his petition under both acts. Only the decision with regard to the Workmen's Compensation Act, however, is before us on appeal.

directly out of the employment of any such firemen. (Emphasis added.)

Where the decision is adverse to the person with the burden of proof, our scope of review on appeal is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Kerchner v. Materials Transport Service, Inc.,* 29 Pa. Commonwealth Ct. 589, 372 A.2d 51 (1977). In this case, the critical issue is whether the referee capriciously disregarded competent evidence in reaching his conclusion that claimant's heart disease was not caused by his activities as a fireman.

First, there was no testimony that claimant's disability resulted from anything other than heart disease. Secondly, the finding that claimant's heart disease is unrelated to his work as a fireman is well supported by the testimony of Dr. George W. Katter, who testified unequivocally to that effect.[2] Claimant's own medical witnesses could only state that the stress and exertion of claimant's work *may* have been a contributing factor in the development of his heart disease.

Thus, it appears the referee did not capriciously disregard any evidence; rather, it appears he merely weighed the medical testimony and made well-supported findings of fact which we will not disturb. *See*

---

[2] Dr. Katter testified as follows:

Q. Do you have an opinion as to whether or not that —Mr. Harrigan's occupation as a fireman had any relation in the developing of the coronary artery disease? A. It is my opinion that it did not, particularly, since there is such a strong family history of coronary artery disease. . . . Q. Doctor Katter, in the summary of your medical report of December 3rd, 1975, you stated that it was your opinion that Mr. Harrigan has disabling coronary artery disease but that his occupation is in no way responsible for the development of the disease, is that still your opinion today? A. Yes.

*Kuchinski v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 210, 392 A.2d 348 (1978).

Claimant also argues that the referee erred in not applying the presumption created by Section 301(e) of the Workmen's Compensation Act, 77 P.S. §413. Section 301(e) provides:

> If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the *employe's occupational disease* arose out of and in the course of his employment, but this presumption shall not be conclusive. (Emphasis added.)

Before this presumption is applicable, however, it must be shown that the employee suffered from an "occupational disease" as defined in Section 108, which is exactly what the referee was unable to find in this case. *Cf. DeMascola v. Lancaster,* 200 Pa. Superior Ct. 365, 189 A.2d 333 (1963) (claimant, a fireman, was entitled to the presumption where the referee found as a fact that his heart disease was *caused by* the hazards of his occupation pursuant to Section 108(o) of The Pennsylvania Occupational Disease Act, 77 P.S. §1208(o)). Moreover, Section 301(e) provides that the presumption is not conclusive, and in this case there was competent testimony to rebut the presumption, if applied.

Therefore, we enter the following.

ORDER

AND Now, this 12th day of February, 1979, the order of the Workmen's Compensation Appeal Board, dated November 10, 1977, dismissing the claim petition of Regis L. Harrigan, is affirmed.

Judge CRAIG dissents.