Bethlehem Mines Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Thomas Moran, Respondents.

Bethlehem Mines Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John T. Shinkus, Respondents.

Bethlehem Mines Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Edward Stanley Kuchinsky, Respondents.

Argued March 9, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Robert H. Holland,* with him *Kolb, Holland and Taylor,* for petitioners.

*Nicholson Panko,* with him *Sandra S. Christianson,* Assistant Attorney General, and *Anthony J. Miernicki,* for respondents.

OPINION BY JUDGE MENCER, June 21, 1979:

Claimants Thomas Moran, John T. Shinkus, and Edward Stanley Kuchinsky were employed by Bethlehem Mines Corporation (Bethlehem) for periods of 13, 18, and 20 years respectively prior to retiring and

filing workmen's compensation claims. A referee found that, as a result of exposure to silica dust in Bethlehem's iron mine before and after June 30, 1973, all three claimants were totally disabled from silicosis. The Workmen's Compensation Appeal Board (Board) affirmed, and Bethlehem's appeal to this Court followed.

Bethlehem's argument that the evidence does not support the referee's finding that claimants were exposed to silica dust while employees of the mine is without merit.[1] All of the claimants worked underground and were exposed to dust generated by the constant drilling and blasting. There was testimony that the rock in the mine had a large silica content, and it can be inferred that the dust produced while drilling and blasting the rock contained similar amounts of silica. Although the evidence indicates that the silica hazard may have been reduced after 1965, when new drilling techniques were introduced, all of the claimants were employed prior to 1965 and, in addition, there is no indication that the hazard was completely eliminated. To the contrary, the testimony was that dust in certain problem areas continued to contain an unacceptably high level of silica and that all of the claimants had occasion to work in or near these areas.

Bethlehem relies heavily upon *Moyer v. Brockway Clay Co.*, 14 Pa. Commonwealth Ct. 610, 324 A.2d 876 (1974). The factfinder in that case found that the claimant had not been exposed to the alleged hazard, and this Court held that this finding was not the result of a capricious disregard of evidence. In this

---

[1] Although the referee did not include this finding as one of his numbered findings of fact, factual statements in his discussion may be treated as findings of fact. *See Reasner v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 292, 295, 387 A. 2d 679, 681 (1978).

case, the factfinder found that the hazard *did* exist, thereby distinguishing this case from *Moyer. See Scobbo v. Workmen's Compensation Appeal Board,* 22 Pa. Commonwealth Ct. 109, 114-15, 348 A.2d 169, 172 (1975).

Bethlehem's argument that the evidence does not support the finding that claimants were disabled from silicosis, as opposed to anthracosilicosis, was not raised before either the referee or the Board, and we will not, therefore, consider it on appeal. Pa. R.A.P. No. 1551(a). Accordingly, we will affirm the award of benefits.

The Board, in its decisions in the Moran and Kuchinsky cases, while affirming the referee's awards of benefits, remanded the cases to the referee for the purpose of determining Bethlehem's subrogation rights pursuant to Section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671. The Board, however, refused to so remand the Shinkus case. We fail to perceive any basis in the record for treating the Shinkus case differently than the others; accordingly, we will direct the Board to remand that case to the referee as well.

ORDER

AND Now, this 21st day of June, 1979, the orders of the Workmen's Compensation Appeal Board at Nos. 1665 C.D. 1978 and 1667 C.D. 1978, both of which are dated June 22, 1978, are hereby affirmed, and the records in those cases are therefore remanded to the referee for further proceedings consistent with said orders. At No. 1666 C.D. 1978, the order of the Workmen's Compensation Appeal Board, dated June 22, 1978, insofar as it affirms the decision of the referee granting compensation to John T. Shinkus, is hereby affirmed. The record in the latter case is hereby re-

manded to the Board with direction that it be remanded to the referee for further proceedings consistent with this opinion.