Louis Gomori, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondent.

Submitted on briefs June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*John J. Morgan,* for petitioner.

*Richard L. McCandless, Dillon, McCandless, King & Kemper,* for respondent.

OPINION BY JUDGE MACPHAIL, July 28, 1981:

Louis Gomori (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee to deny workmen's compensation benefits to Claimant pursuant to Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

Claimant was last employed by Conn Construction Co. (Employer) as a welder for the period beginning September 14, 1976 through November 12, 1976. Claimant alleges that he was exposed to red lead and zinc oxide paint during this period and that as a result of the exposure he suffers from lead poisoning, an occupational disease as defined by Section 108(a) of the Act, 77 P.S. §27.1(a). The referee and the Board found that Claimant failed to sustain his burden of proving disability and causation.

The sole issue raised in this appeal is whether the referee and the Board erred in failing to apply the rebuttable presumption established by Section 301(e) of the Act, 77 P.S. §413 which provides that:

> If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employee's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive.

Since this issue has been raised for the first time on appeal it need not be resolved. *Bethlehem Mines*

*Corp. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 454, 402 A.2d 718 (1979). We note, however, that in order for the presumption to apply Claimant would first have to prove that he suffers from and is disabled by an occupational disease. *Harrigan v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 390, 397 A.2d 490 (1979) and *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978). Claimant failed to sustain his burden despite the referee's grant of numerous continuances to allow Claimant an opportunity to obtain medical evidence. Unfortunately for the Claimant, none of the evidence presented below establishes the .existence of the occupational disease of lead poisoning.

Order affirmed.

ORDER

AND Now, this 28th day of July, 1981, the order of the Workmen's Compensation Appeal Board, dated July 31, 1980, Docket No. A-76767, is hereby affirmed.