William L. Hyser, Jr., Appellant *v.* Allegheny County, Appellee.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

 *Sanford A. Segal, Gatz, Cohen, Segal & Koerner,* for appellant.

*Evan E. Lloyd,* Assistant County Solicitor, with him *James H. McLean,* County Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, July 29, 1981:

William L. Hyser, Jr. (Hyser) appeals here from an Order of the Court of Common Pleas of Allegheny County, dated July 21, 1980, that granted a motion for judgment on the pleadings filed by Allegheny County (County) and dismissed Hyser's complaint against the County.

In his complaint Hyser alleges that on or about February 18, 1966, he was employed as a guard at the County's jail in Pittsburgh, Pennsylvania, and that while he and two other guards were attempting to escort an unruly prisoner to an isolation cell, he sustained an injury to his right shoulder. Hyser further alleges that as a result of the 1966 injury, he later developed a bursitis condition that required surgery upon some unspecified day in May of 1974. In 1977 Hyser filed a complaint in mandamus in the Court of Common Pleas of Allegheny County seeking compensation for lost wages and medical expenses as provided under Section 1531 of the Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §4531 (Section 1531). On July 18, 1978, the lower court denied Hyser the right to proceed in mandamus

and permitted him to amend his complaint and proceed in assumpsit. An amended complaint was filed on August 3, 1978. The County filed an answer denying liability and under new matter raised the issue of the timeliness of Hyser's action. On April 21, 1980, the County filed a motion for judgment on the pleadings. Argument was held. The Court of Common Pleas of Allegheny County, sitting en banc, granted the County's motion on the grounds that the complaint was untimely filed and that Hyser had not been incapacited within the meaning of Section 1531.[1]

The issue before this Court[2] is whether the trial court was correct when it concluded that the time limitation for the filing of claims under The Pennsylvania

---

[1] The trial court held that inasmuch as Hyser did not file a claim for benefits in 1966 immediately after the incident with the prisoner occurred, he was not incapacitated within the meaning of Section 1531. We disagree. The gravamen of Hyser's complaint is that the incident in 1966 caused his bursitis which resulted in surgery and disability. Precisely when that disability occurred is not averred, but clearly it was not in 1966. As we will hereinafter explain, until Hyser suffered disability or incapacity, he had no cause of action under Section 1531. Therefore, the mere fact that Hyser did not file a claim in 1966 standing alone, is insufficient as a basis to conclude that Hyser was not incapacitated within the meaning of Section 1531.

[2] County argues in its brief that Hyser's failure to file a reply to its new matter admits the averments therein set forth. The true rule, of course, is that only factual averments are admitted. Nevertheless, it is true that County did aver that Hyser's incapacity, if any, resulted from non-inmate related incidents in 1959 and 1963. Those are factual averments and they were not denied. We note, however, that County's motion for judgment on the pleadings in the court below does not assign this pleading failure on Hyser's part as a reason for the entry of judgment in its favor. Accordingly, no mention of this issue is made in the opinion of the trial court. It is well settled that issues not raised before the trial court may not be raised on appeal. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 454, 402 A.2d 718 (1979). We, therefore, need not and will not address that issue.

Workmen's Compensation Act (Act)[3] governed the time within which suit could be brought under Section 1531.

Section 1531 provides, in its entirety, as follows:

Employes of jails and workhouses disabled by violence; salaries and expenses to be paid

Every guard, matron, nurse or other employe who comes in contact with inmates of any jail or workhouse, who is incapacitated as a result of violence by an inmate while in the performance of his duties, shall be paid by the county by which they are employed their full rate of salary as fixed by the salary board until the disability arising therefrom has ceased, but the period of such salary payments by the county shall not exceed the period during which such employe is entitled to compensation for the injury, received under the provisions of the Workmen's Compensation Act. All medical and hospital bills incurred in connection with any such injuries shall be paid by such county. All benefits under the Workmen's Compensation Law which shall be received or collected by any such employe during the period he has received salary for temporary disability shall be paid over to the county and into the treasury thereof. If any such payment or payments shall not be so made by such employe, the amount so directed to be paid the county shall be deducted from any

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.* At the time of Hyser's shoulder injury in 1966, Section 315 of the Act, 77 P.S. §602, required that a claim be filed within sixteen months of the injury. The section was thrice amended in 1972. These amendments, *inter alia*, changed the limitation period from sixteen months to two years. Section 315 was twice amended in 1974. The second of these amendments, *inter alia*, changed the limitation period from two years to three years.

salary which shall then or thereafter become due and owing to such employe.

Hyser argues that since Section 1531 provides no statute of limitations, the statute of limitations for assumpsit actions should be applied and that his cause of action did not accrue until the County refused to pay him in accord with the provisions of Section 1531. The County, of course, contends that the trial court was correct when it imposed the time limitation for the filing of claims under the Act upon the right to bring an action under Section 1531.

As the lower court noted, this is a case of first impression. Further, the problem is strictly one of statutory construction. We find one cardinal principle of statutory construction is controlling here. Plain words of a statute cannot be disregarded where the language is free and clear from all ambiguity.[4]

Applying this principle to the instant case, we find that the words of Section 1531 are free and clear of all ambiguity. Clearly the General Assembly intended (1) that the employees of jails and workhouses (Employees) who were disabled by the violence of an inmate were to receive compensation equivalent to full salary payments during the disability[5] rather than being limited to compensation that is only a percentage of their salary as provided under the Act;[6] but (2) that such Employees be compensated only for a period of time equivalent to that of any other injured person eligible for compensation under the Act. It is

---

[4] Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).

[5] This Court in *Williams v. County of Allegheny*, 55 Pa. Commonwealth Ct. 432, 423 A.2d 1097 (1980) construed this provision of Section 1531 to require the salary rate applicable during the period of disability to include salary increases adopted after the date of disability.

[6] Section 306(a) of the Act. 77 P.S. §511.

174

our opinion that that language merely provides a time frame which fixes the County's maximum liability. It is not as the trial court held "a direct reference to the time period for *claiming* workmen's compensation benefits." (Emphasis added.) The provision for repayment to the County of any compensation benefits received under the Act is simply a procedural provision to accomplish the aims of Section 1531 and to prevent such Employees from receiving windfalls. There is no other language in Section 1531 that in any way implies that any other provisions of the Act apply to such Employees. The General Assembly clearly knew how to write a statute that included other provisions of the Act had they intended such provisions to interact with Section 1531. We hold, therefore, that Hyser's cause of action is not barred by the limitation on the filing of claims set forth in the Act.[7]

That conclusion, however, does not complete our task in the instant case. We must now proceed to determine what the applicable statute of limitations is and we agree with Hyser that the statute of limitations applicable to any other complaint in assumpsit is likewise applicable here.[8]

[7] County also asserts under new matter that Hyser's claim is further barred by Section 5522 of the Judicial Code, 42 Pa. C. S. §5522, that requires a six month limitation for giving notice to a government unit that a claim will be brought against it. This issue was raised in County's motion for judgment on the pleadings but no mention of this issue was made in the opinion of the trial court. We note, however, that prior to the effective date of the Judicial Code, June 27, 1978, notice to a government unit was required for *negligence* actions only. Act of July 1, 1937, P.L. 2547, *formerly*, 53 P.S. §5301, repealed by Section 2(a) of the Judiciary Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [749]. The notice requirement, therefore, does not apply to the instant action which was instituted in 1977.

[8] At the time of Hyser's shoulder injury in 1966 and his surgery in 1974, the statute of limitations for assumpsit actions was

Having determined that a six year statute of limitations applies, our final inquiry is when does it commence? As we have previously noted,[9] the gravamen of Hyser's action is that he was not incapacitated by the incident in 1966 and, therefore, could not exercise his rights under Section 1531. He avers, however, that he was incapacitated by the onset of bursitis and his subsequent surgery which he says was caused by the incident in 1966. The statutory language in Section 1531 which triggers the rights available to covered Employees is the *incapacity* of the Employee. If the Employee can prove that he was incapacitated *and* that that incapacity was the result of violence on the part of an inmate, he may recover under Section 1531. But until he proves incapacity, he has no cause of action. Accordingly, the statute of limitations begins to run from the date of incapacity.

In the instant case we have searched Hyser's amended complaint in vain for an allegation as to when he became incapacitated. Since there is no such allegation we are unable to determine whether or not his action has been timely filed. The date of incapacity being a factual matter, the final result of this case must await the trial of the cause. When the date of incapacity, if it exists at all, has been fixed, the determination of whether the action has been timely filed can be resolved quickly. If there is no incapacity or if the incapacity was not the result of the alleged violence of an inmate in 1966, the issue of the statute of limitations becomes irrelevant.

Having found that the Court of Common Pleas of Allegheny County erred when it applied the time limi-

six years. Act of March 27, 1713, 1 Sm. L. 76, *formerly*, 12 P.S. §31, repealed by Section 2(a) of the Judiciary Act Repealer Act, 42 P.S. §20002(a) [749]. A similar provision is now found in the Judicial Code, 42 Pa. C. S. §5527.

[9] See Note 1, *supra*.

176

tation provisions of the Act to an action instituted pursuant to Section 1531 and having concluded that it is not possible to determine from the pleadings whether or not the correct statute of limitations bars this action, we must reverse, vacate the judgment and remand for the trial of the cause.

ORDER

AND Now, this 29th day of July, 1981, the Order of the Court of Common Pleas of Allegheny County, dated July 21, 1980, dismissing the complaint of William L. Hyser, Jr. is reversed, the judgment is vacated and this case is remanded for further proceedings consistent with the foregoing opinion.