## Goditus v. Goditus

*Warren R. Baldys,* for plaintiff.
*Martin Fine,* for defendant.

SMITH, *J.,* October 21, 1983 — On December 8, 1982, plaintiff a complaint in divorce. The complaint is substantially in the form set forth by Pa. R.C.P. 1920.72(a) except that a second count alleging indignities was added. On September 28, 1983, plaintiff filed a praecipe to transmit record in order to have the court consider his request for a di-

vorce decree. For the reasons set forth in this opinion the court will deny plaintiff's request.

## DISCUSSION

The issue that the court is called upon to decide is whether plaintiff has sufficiently stated in his complaint grounds upon which he may obtain a divorce under Section 201(d) (1) of the Divorce Code (Act of April 2, 1980, P.L. 63, 23 P.S. §101 et seq.) The complaint alleges that "The marriage is irretrievably broken." It contains no allegation that the parties have lived separate and apart for a period of three years. The issue is whether such an allegation is required by the Divorce Code.

Divorce Code Section 201(d) (1) states in relevant part:

It shall be lawful for the court to grant a divorce where a party has filed a *complaint and affidavit alleging that the parties have lived separate and apart for a period of at least three years*, and that the marriage is irretrievably broken, . . . (Emphasis added.) A reading of this section makes it clear that the "separate and apart" allegation must appear in *both* the complaint and affidavit. While the word "both" does not appear in this section, any other interpretation of the statute does not take into consideration the clear, unambiguous language of the statute that the complaint and affidavit must contain such an allegation. An interpretation of the statute as indicating that only the affidavit contain the "separate and apart" language would be logical only if the Section 201(d) contained additional words and different punctuation. "Plain words of a statute cannot be disregarded where the language is free and clear from all ambiguity." Hyser v. Allegheny

County, 61 Pa. Commw. 169, 173, 434 A.2d 1308, 1311 (1981). See also 1 Pa. C.S.A. §1921(b).

Some courts have held that as long as the complaint and affidavit together allege that the marriage was irretrievably broken and that the parties have lived separate and apart for three years, Section 201(d) of the Divorce Code is satisfied. [See Hepp v. Hepp, 70 Del. 438 (1983)]. But the language of the statute is not open to such an interpretation. In any case, such an interpretation does not comport with the traditional notions of pleading in Pennsylvania. The two main functions of the complaint are to give the defendant notice of the suit and the basis of that suit, and to present defendant with the choice of either admitting liability or denying it and going to trial. Newby v. Newby, 18 Mercer L.J. 380 (1980). Section 201(d) of the Divorce Code divides these two functions between the complaint and affidavit. Thus, under Section 201(d) (1) (i) defendant need only deny the allegations of the affidavit in order to preserve an issue for a finder of fact. Nothing in the Divorce Code has changed the traditional requirement that a complaint provide notice to the defendant against what he must defend.

It may be argued that sufficient notice is given to a defendant by a simple statement in the complaint that the marriage is irretrievably broken. However, there is a great difference between a divorce which may occur only after both parties have consented and a divorce which may be granted upon the consent of only one of the parties. While the law provides for a divorce in either situation, the defendant is entitled to know at the inception of the action under which theory plaintiff may be proceeding. This is mandatory under traditional requirements of pleading in Pennsylvania, and is essential to provide defendant with the chance to properly defend

against the action if he so desires. Certainly a defendant will plan his defense and strategy as to the ancillary matters differently if he knows that a decree in divorce may be entered without his consent.

It is especially important that the defendant receive such notice in an ex parte divorce situation. This court has previously scrutinized with particular care Section 201(d) divorces to ascertain that the defendant has been given proper notice of the claims against him or her. See Suffling v. Suffling 83-20, 155 (Opinion of August 17, 1983) (requiring proof of receipt of a Section 201(d) affidavit). Due process mandates this extra degree of scrutiny.

We are aware that the form complaint in divorce found in Pa. R.C.P. 1920.72(a) does not contain an allegation of a three-year separation. The failure of this form to comply with the requirements of the Divorce Code does not deter us from holding as we do. A rule cannot be construed to contradict an express statute on the same subject. Shapiro v. Magaziner, 418 Pa. 278, 210 A.2d 890 (1965).

The most frequent reason for not making the separate and apart allegation in the complaint appears to be that at the time the complaint is filed a separation has not existed for three years. The complaint is filed in an attempt to obtain a divorce under a section other than 201(d) or in order to resolve ancillary matters such as alimony pendente lite prior to the three years accruing.

The fact that the three years has not accrued at the time of the filing of the complaint does not mean that an allegation under 201(d) may not be made in the complaint. The statute does not state the exact language which must be used to state the claim. An allegation to the effect that the parties have lived separate and apart since a particular date is suffi-

cient to state a claim under Section 201(d). The fact that the three years have not accrued at the time of the filing of the complaint means only that no divorce may be granted under 201(d) until the three years have elapsed. We interpret the language of the statute to state that the court may grant the divorce under 201(d) as long as the three-year separation is alleged in some manner in the complaint. We further hold that such an allegation is mandatory.

## ORDER

And now, this October 21, 1983, it is ordered and directed that plaintiff's request for the court to enter a decree in divorce is denied. Leave is granted for plaintiff to file an amended complaint within 20 days.