IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald L. Wolfe, Jr.,                  :
                                       : No. 913 C.D. 2015
                      Petitioner       : Submitted: January 29, 2016
                                       :
             v.                        :
                                       :
Workers' Compensation Appeal           :
Board (Ervin Industries, Inc.),        :
                                       :
                      Respondent       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  April 18, 2016


        Ronald L. Wolfe, Jr. (Claimant) petitions for review of the May 6, 2015, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to deny Claimant's claim petition and grant the termination petition filed by Ervin Industries, Inc. (Employer).  We affirm.


        On June 21, 2010, Claimant sustained a work-related right knee sprain/strain for which Employer issued a notice of compensation payable (NCP). (WCJ's Findings of Fact, No. 7.)   Claimant's benefits were suspended effective October 11, 2010, based upon his return to work with no loss of earnings pursuant to a notification of suspension that was issued on October 18, 2010.  (*Id.*)

On October 28, 2010, Claimant filed a claim petition alleging that as a result of exposure to hazardous dust in the workplace, he developed an occupational disease. (*Id.*, No. 1.) On July 13, 2011, Employer filed modification and termination petitions. (*Id.*) On July 21, 2011, Employer filed a suspension petition. (*Id.*)

At the WCJ's hearing, Claimant, who worked as a grit room operator in a foundry that recycles metals, testified that he injured his knee while climbing off of a forklift. (*Id.*, No. 8.) Claimant underwent knee surgery on December 20, 2010. (*Id.*) Claimant stated that he could perform light-duty work but could not perform his time-of-injury job because of residual symptoms. (*Id.*)

Peter N. Sotos, M.D., an orthopedic surgeon who is not board-certified, testified on behalf of Claimant. (*Id.*, No. 13.) Dr. Sotos evaluated Claimant three times, but did not treat him. Dr. Sotos stated that Claimant's right knee had ongoing limitation in range of motion. (*Id.*) Additionally, he stated that Claimant aggravated his underlying, preexisting arthritis and also had chronic synovitis. (*Id.*) Dr. Sotos testified that Claimant could perform modified work but not his regular job duties. (*Id.*)

Jeffery N. Kann, M.D., a board-certified orthopedic surgeon, testified on behalf of Employer. (*Id.*, No. 14.) Dr. Kann evaluated Claimant on June 2, 2011, took his history, reviewed records, and conducted a physical examination. (*Id.*) Dr. Kann opined that Claimant had fully recovered from his work-related injury as of that date. (*Id.*) Dr. Kann opined that although Claimant has osteoarthritis in his right knee, his condition was not caused or aggravated by the work-related injury. (*Id.*)

As to his claim petition, Claimant testified that he had been exposed to various metals, dust, and fumes during the course of his employment. (*Id.*, No. 8.) Claimant started having pulmonary problems in 1989, developed pneumonia, and underwent surgery. (*Id.*) Claimant later developed symptoms, including fatigue and shortness of breath. (*Id.*)

Claimant presented the testimony of Michael R. Harbut, M.D., who is board-certified in occupational medicine. (*Id.*, No. 11.) Dr. Harbut first saw Claimant on October 16, 2009, on referral from Claimant's family practitioner. (*Id.*) Dr. Harbut took a history, conducted a physical examination, and began a course of care. (*Id.*) Dr. Harbut also ordered pulmonary function studies, which showed a minimal fixed obstructive defect with air trapping. (*Id.*) Because Claimant complained of mental fogginess, Dr. Harbut referred Claimant to a neurologist for testing, which revealed substance-induced persisting dementia. (*Id.*) Dr. Harbut opined that Claimant has occupational asthma and toxic encephalopathy due to Claimant's exposure to metals, dusts, and fumes at work. (*Id.*) According to Dr. Harbut, Claimant should not return to work in an environment where he would be exposed to harmful substances. (*Id.*)

Michael E. Fiorina, M.D., Claimant's family practitioner, also testified. (*Id.* No. 12.) Dr. Fiorina opined that Claimant's wheezing, coughing, and fatigue were related to Claimant's exposures at work. (*Id.*) Dr. Fiorina agreed with Dr. Harbut's diagnosis. (*Id.*)

3

Gregory J. Fino, M.D., a board-certified pulmonologist, testified on Employer's behalf. (*Id.*, No. 15.) Dr. Fino examined Claimant on August 8, 2011, took Claimant's history, and reviewed Claimant's records. (*Id.*) Dr. Fino opined that there was no evidence of a dust disease of the lungs and no evidence of occupational asthma. (*Id.*) Although Claimant has a mild restrictive defect in his airway, there is no obstructive defect. (*Id.*) Dr. Fino opined that Claimant's restrictive defect is associated with the elevated right diaphragm, which is an idiopathic finding. (*Id.*)

Employer also presented the testimony of Michael D. Franzen, Ph.D., a clinical neuropsychologist. (*Id.*, No. 16.) Based on his testing of Claimant, Dr. Franzen concluded that Claimant had no neuropsychological problems or cognitive deficits. (*Id.*) Dr. Franzen noted that although Claimant had mild sustained attention and concentration issues, there are a variety of reasons for this condition. (*Id.*)

The WCJ credited the testimony of Dr. Kann that Claimant had fully recovered from his June 21, 2010, right knee sprain/strain as of June 2, 2011. (*Id.*, No. 17.) The WCJ found that Dr. Kann credibly explained the reasons for his opinion and his opinion was unrebutted because Dr. Sotos did not acknowledge or recognize Claimant's accepted work-related injury. (*Id.*)

The WCJ further credited the testimony of Dr. Franzen that Claimant did not suffer from an occupational disease. (*Id.*, No. 18.) The WCJ observed that Dr. Harbut opined that Claimant suffered occupational asthma and then admitted that Claimant did not meet the established criteria for that diagnosis. (*Id.*) The WCJ also rejected Dr. Harbut's opinion that Claimant sustained work-related toxic

4

encephalopathy because Dr. Harbut could not explain the findings or rationale utilized by the neuropsychologist to whom he referred Claimant for testing. (*Id.*)

The WCJ granted Employer's termination petition and denied Claimant's claim petition. Further, the WCJ dismissed Employer's suspension and modification petitions as moot. Claimant appealed to the WCAB, which affirmed. This appeal followed.[1]

Initially, Claimant contends that the WCJ failed to make essential findings concerning Claimant's occupational disease claim and, thus, a remand is necessary. Specifically, Claimant contends that the WCJ failed to make findings regarding Employer's evidence as to Claimant's exposure to hazardous materials. Claimant alleges that Employer's witness, John Gerhart, identified the presence of hard metals, fumes, vapors, and dust in Employer's premises, but the WCJ failed to make any specific findings as to his testimony.

The WCJ, however, accepted Claimant's testimony as credible that he was exposed to various metals at work. (WCJ's Findings of Fact, Nos. 8, 18.) Claimant testified that he worked in the melt shop from 1984 to 1988 and came into contact with metals in the form of vapor, fumes, and dust. (N.T., 9/8/11, at 14-15.) Claimant then worked in the hard casting department from 1988 to 2002, where he was primarily exposed to metal dust. (*Id.* at 13-14, 16.) Finally, Claimant worked in the shipping, maintenance, and grit room departments, where he was again exposed

---

[1] This court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

to metal dust. (*Id.* at 19, 21.) Claimant identified, via a daily air sample log, that he had been exposed to elevated levels of calcium, chromium, iron, manganese, and molybdenum. (*Id.* at 22.) Thus, because the WCJ accepted Claimant's testimony that he was exposed to chemical vapors, fumes, and dust, no further findings were necessary. As explained later, however, the WCJ determined that Claimant did not meet his burden of proving that his work exposure caused an occupational disease.

Claimant also argues that the WCJ failed to make credibility determinations or analyze the opinions of two medical witnesses offered in connection with Claimant's occupational disease claim. Claimant argues that in accordance with *Page's Department Store v. Velardi*, 346 A.2d 556, 561 (Pa. 1975), in an administrative proceeding, the "adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court . . . should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below." In *Page's Department Store*, the Pennsylvania Supreme Court determined that a remand was necessary for findings as to whether the claimant's fall onto a lawnmower at work caused his back disability or whether he was still suffering from a back injury incurred years before. *Id.* at 560-61. The findings were necessary to determine whether the claimant suffered a work-related injury. *Id.* at 561.

Here, although the WCJ summarized Dr. Fiorina's testimony, Claimant argues that the WCJ erred in failing to make a specific credibility determination as to Dr. Fiorina. The WCJ noted that Dr. Fiorina, Claimant's family practitioner, referred Claimant to Dr. Harbut, and Dr. Fiorina agreed with Dr. Harbut's diagnoses. (WCJ's

6

Findings of Fact, Nos. 11-12.)  Because the WCJ specifically found the testimony of Dr. Harbut not credible, it can reasonably be inferred that the WCJ similarly rejected the testimony of Dr. Fiorina, who agreed with the discredited testimony of Dr. Harbut.  *See Lewistown Hospital v. Workmen's Compensation Appeal Board (Kuhns)*, 683 A.2d 702, 706-07 (Pa. Cmwlth. 1996).  Thus, unlike *Page's Department Store,* a remand is not necessary.

Claimant also contends that the WCJ failed to make a credibility determination regarding Dr. Fino, Employer's medical expert.  In his findings, the WCJ summarized Dr. Fino's testimony but did not make a specific credibility determination.  Claimant had the burden of proving all of the necessary elements to support an award of benefits.  *See Ferraccio v. Workmen's Compensation Appeal Board (Intech Construction Company, Inc.)*, 646 A.2d 65, 68 (Pa. Cmwlth. 1994).  Employer had no such burden, so we find no error.  In any event, Dr. Fino's testimony that Claimant did not suffer from occupational asthma supports Employer's position, not Claimant's.

Next, Claimant argues that the WCJ erred in failing to address the presumptions accorded to a claimant under sections 108(n) and 301(e) of the Workers' Compensation Act (Act).[2]  Under section 301(c)(2) of the Act, 77 P.S. §411(2), an injury arising in the course of employment includes an occupational disease defined by section 108 of the Act, 77 P.S. §27.1.  Once a claimant establishes that he suffers from an enumerated occupational disease, he is entitled to a

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§27.1(n) and 413.  Section 108(n) was added by section 1 of the Act of October 17, 1972, P.L. 930.

presumption that the disease arose during the course of employment. To be entitled to the presumption, a claimant must initially "prove that he suffers from and is disabled by an occupational disease." *Gomori v. Workmen's Compensation Appeal Board*, 433 A.2d 142-143 (Pa. Cmwlth. 1981).

Here, Claimant argues that Dr. Harbut opined that Claimant suffers from occupational asthma and toxic encephalopathy. However, the WCJ specifically rejected Dr. Harbut's diagnosis of occupational asthma because Dr. Harbut admitted that Claimant did not meet the minimum criteria for that diagnosis. (WCJ's Findings of Fact, No. 18.) Specifically, in the pulmonary function test, Claimant had a 34-percent change in the speed of air coming out of his lungs when using medication, whereas a 35-percent change is the criteria for an asthma diagnosis. (Dr. Harbut Dep., 5/17/11, at 21, 67.) Moreover, the WCJ rejected Dr. Harbut's diagnosis of toxic encephalopathy because Dr. Harbut could not explain the findings or rationale for that diagnosis. (WCJ's Findings of Fact, No. 18.) The WCJ determines the weight and credibility of the evidence and may accept or reject the testimony of any witness. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). Because Claimant did not meet his burden of proving that he suffered from an occupational disease, the presumption that the disease arose during the course of his employment did not apply. *See Gomori*, 433 A.2d at 143.

Finally, Claimant argues that, with respect to the termination petition, the WCJ erred in concluding that Dr. Sotos' testimony was incompetent. In a termination petition, the employer bears the burden of proving that all disability has

8

ceased. *Moore v. Workers' Compensation Appeal Board (American Sintered Technologies, Inc.)*, 759 A.2d 945, 949 (Pa. Cmwlth. 2000). A medical expert must acknowledge the accepted work-related injury to be competent to testify that a claimant has fully recovered from the work injury. *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 218 (Pa. Cmwlth. 2008).

Here, the WCJ credited Dr. Kann's testimony that Claimant had fully recovered from his work-related injury as of the date of his evaluation. (WCJ's Findings of Fact, No. 14.) The WCJ concluded that because Dr. Sotos did not recognize Claimant's accepted right knee sprain/strain work-related injury, his testimony was not competent. According to Dr. Sotos, Claimant had ongoing limitation in range of motion. Dr. Sotos opined that the work-related injury aggravated Claimant's preexisting arthritis and that Claimant also had chronic synovitis. Because Dr. Sotos did not acknowledge Claimant's knee sprain/strain, the WCJ did not err in disregarding his testimony and crediting Dr. Kann's testimony.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald L. Wolfe, Jr.,                              :
                                                   : No. 913 C.D. 2015
                        Petitioner                 :
                                                   :
              v.                                   :
                                                   :
Workers' Compensation Appeal                       :
Board (Ervin Industries, Inc.),                    :
                                                   :
                        Respondent                 :

# O R D E R

AND NOW, this 18th day of April, 2016, we hereby affirm the May 6, 2015, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge