Loretta Lenkiewicz, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and The Pittsburgh Press Club, Respondents.

Submitted on briefs, September 13, 1977, to Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three. Reargued October 31, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, DISALLE and CRAIG. Judges BLATT and MACPHAIL did not participate.

*Ronald A. Berlin,* for petitioner.

*Elmer G. Klaber,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., December 14, 1978:

Before us is the question of what constitutes a "gratuity" for the purpose of computing workmen's compensation benefits.

In 1971, while working as a waitress for The Pittsburgh Press Club (Employer/Respondent), Loretta Lenkiewicz (Petitioner) was seriously injured and rendered totally disabled. A compensation agreement was voluntarily executed providing Petitioner with weekly compensation based on her average weekly wage plus a two dollar daily gratuity allowance.[1] Petitioner alleging that her average weekly wage was understated, petitioned for a modification of the agreement. The referee and the Workmen's Compensation Appeal Board (Board) denied the petition. We reverse and remand.

In the course of her duties, Petitioner served meals at banquets catered by Employer. Her compensation consisted of a base wage plus a 15 percent per meal assessment levied, collected and paid over by Employer. Petitioner contends that this assessment should be included in the computation of her average weekly wage and argues that payment of the assessment by indi-

---

[1] Since Petitioner's injury occurred in 1971, Section 309(e) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(e), prior to the 1972 Amendments is the applicable provision and states in relevant part:

In employments in which employes customarily receive not less than one-third of their remuneration in tips or gratuities not paid by the employer, *gratuities shall be added to the wages received at the rate of two dollars per day....* (Emphasis added.)

vidual diners was not gratuitous because it was required regardless of the patron's satisfaction with the service rendered. It is also argued that the gratuitous nature of the assessment was nullified by Employer's guarantee of its payment in the original contract of hire.

Respondent answers by arguing that the levy and collection of the gratuity assessment by the employer does not change the gratuitous nature of the payment and, therefore, the assessment should not be included in the computation of the average weekly wage. We disagree.

The legislature did not deem it necessary to provide us with a definition of the word "gratuity" and in the absence of such, we must apply the plain and ordinary meaning of the word. *See Commonwealth v. DeWan,* 181 Pa. Superior Ct. 203, 124 A.2d 139 (1956). In the absence of ambiguity, we have no occasion to be concerned with legislative intent. It is an established rule of statutory construction that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *See Daugherty v. Continental Can Co.,* 226 Pa. Superior Ct. 342, 313 A.2d 276 (1973).

"Gratuity" is defined as something acquired without bargain or inducement; something given freely or without recompense; a gift; something voluntarily given in return for a favor or especially a service.[2]

Respondent contends that it is no more than a conduit through which the gratuity is paid and attempts to draw an analogy with the situation where an employer pays over to its employee the gratuity that was charged against a patron's credit card. The credit card situation is clearly inapposite to the case at hand because there the patron is free to choose whether or

---

[2] *See* Black's Law Dictionary 830 (4th Ed. 1951).

not to leave a tip. Here, the patron has no choice. He must pay the assessment to satisfy his bill. Employer is more than a mere conduit in this situation, it is an enforcer. The assessment levied, collected and paid over by the Employer, therefore, was not a gratuity and should have been included as a part of Petitioner's wage for purposes of computing workmen's compensation benefits.

We therefore find that the Board and referee committed an error of law[3] in denying the petition for modification.

Accordingly, we

ORDER

AND Now, this 14th day of December, 1978, the decision of the Workmen's Compensation Appeal Board affirming a decision of the referee denying Petitioner's petition for modification of a workmen's compensation agreement is hereby reversed and the case is remanded to the Board for recomputation of Petitioner's workmen's compensation benefits to include as part of her wage the 15 percent assessment levied, collected and paid over by her employer, The Pittsburgh Press Club.

---

[3] Our scope of review is governed by the Administrative Agency Law, 2 Pa.C.S. §704, which states in relevant part:

After hearing, the court shall affirm the adjudication unless it shall find that the same is . . . not in accordance with law. . . .