Frank J. Williams *v.* County of Allegheny et al.
Allegheny County, Tom Foerster, Chairman of the
Board of County Commissioners, Cyril H. Wecht,
M.D.J.D., County Commissioner, and William R.
Hunt, M.D., County Commissioner, Appellants.

Argued November 21, 1980, before Judges WILKIN-
SON, JR., BLATT and MACPHAIL, sitting as a panel of
three.

*Robert L. McTiernan,* Assistant County Solicitor, with him *James H. McLean,* County Solicitor, and *Henry W. Ewalt,* Assistant County Solicitor, for appellants.

*Ernest B. Orsatti,* with him *Samuel J. Pasquarelli, Jubelirer, Pass & Intrieri,* P.C., for appellee.

OPINION BY JUDGE WILKINSON, JR., December 18, 1980:

This is an appeal by Allegheny County and its Commissioners from an order[1] of the Court of Common Pleas of Allegheny County holding that the appellee, formerly a guard at the Allegheny County jail, was entitled to salary increases occurring after the commencement of his disability under Section 1531 of the Second Class County Code (Code), Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §4531. We affirm.

In 1975, appellee instituted a complaint in mandamus in the Common Pleas Court of Allegheny County seeking compensation as provided under Section 1531 of the Code. After a non-jury trial, the Court of Common Pleas found that, as of June 24, 1975, appellee was incapacitated as the result of inmate violence while in performance of his duties as a jail guard. The appellee was, therefore, held to be an intended beneficiary under Section 1531 of the Code and so entitled to receive its benefits. This determination was affirmed on appeal, per curiam, by the Superior

---

[1] The order appealed from also addressed a petition for contempt filed by the appellee which sought to hold the County, the County Commissioners, and the County Controller in contempt for ceasing all salary payments to the appellee. In response to that petition, the lower court ordered the immediate restoration of salary payments and directed the appellants to answer the petition. Appellants contest only that part of the order relating to the salary rate.

Court. *Williams v. County of Allegheny*, 261 Pa. Superior Ct. 651, 396 A.2d 847 (1978). According to the briefs for both parties, but apparently unreported, allocatur was denied by the Supreme Court on February 21, 1979. At this point, a dispute arose between the parties concerning the proper rate of salary to be received by the appellee. The appellee, in a petition for clarification, requested a determination as to whether, under Section 1531 of the Code, he was entitled to receive a salary which included salary increases adopted after his date of disability. The court of common pleas ruled that Section 1531 of the Code includes salary increases. This appeal followed.

Section 1531 of the Code provides in pertinent part:

Every guard . . . who comes in contact with inmates of any jail . . . who is incapacitated as a result of violence by an inmate while in performance of his duties, shall be paid by the county by which they are employed their full rate of salary as fixed by the salary board until the disability arising therefrom has ceased. . . .

We conclude that a meaningful interpretation of this statute must include the salary changes made by the county salary board from time to time.

We note that the legislature in the Statutory Construction Act has directed us to liberally construe a statute of this type to effect its object and promote justice. Section 1928 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928. We also are required to look to other statutes on the same or similar subjects for guidance in the case of any ambiguity. Section 1921(c) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(c). A comparison of Section 1531 of the Code with The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., reveals that the legisla-

ture clearly knew how to write a statute which limits compensation to a percentage of the salary in effect at the date of the injury. *See* Sections 306(a) and 309 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §§511, 582. Section 1531 of the Code, in contrast, conspicuously omits any language of limitation linking the salary rate to the date of injury or disability. This interpretation of Section 1531 of the Code, to include salary increases, is also consistent with the apparent legislative purpose of providing extra compensation, above and beyond The Pennsylvania Workmen's Compensation Act, to jail guards working in potentially hazardous positions so that the injured jail guard would continue to receive compensation as though he were continuing to work as a jail guard until his recovery.

Accordingly, we enter the following

ORDER

AND Now, December 18, 1980, the order of the Common Pleas Court of Allegheny County, No. GD 75-28387, dated March 28, 1980, is affirmed.