507 A.2d 876

Ringgold School District, Petitioner *v.* Workmen's Compensation Appeal Board (Belak), Respondents.

Submitted on briefs October 11, 1985, to Judges CRAIG and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Scott H. Fergus*, for petitioner.

*Janette Baisley*, for respondent, Michael Belak.

OPINION BY SENIOR JUDGE BARBIERI, March 20, 1986:

Ringgold School District, petitioner, appeals here from the order of the Workmen's Compensation Appeal Board (Board) modifying the referee's award to reflect a compensation rate of $150.00 per week rather than $225.00, Claimant Michael Belak's actual weekly wage at the time of the recurrence of his work-related disability. Petitioner asserts as the sole basis for its appeal that disability benefits should be based upon Claimant's weekly wage on the date of the original injury rather than his wages at the time of the recurrence of the disability. In the original agreement for compensation the wage is $155.77, with weekly benefits at $106.50.

Claimant was initially injured in the course of his employment as a maintenance helper with Ringgold School District on May 3, 1978 when he slipped and fell on his employer's property while cutting grass with a

power mower. Claimant received compensation from the date of this initial injury until August 4, 1978 when he returned to work on a trial basis. Claimant's injury persisted and he was again compensated when he missed work for three months in 1979. The current claim is for a continuation and recurrence of that initial injury whereby Claimant was required to miss work from mid-September, 1980 until December 15, 1980, and again from March 4, 1982 to the present. The referee found that Claimant suffered a recurrence of an injury in his employment, that Claimant was disabled, and erroneously awarded benefits of $225.00, the Claimant's actual weekly wage at the time of the recurrence of his injury. The Board modified the award to reflect disability benefits of two-thirds of $225.00, or $150.00.[1] We note here that this modification by the Board would have been correct if the disability for which the award was made had been caused by a new injury as of the time when the wage was computed at $225.00; however, since the referee found that this claim was properly for recurrences of disability all of which were related to and caused by the original injury of May 3, 1978, the wage benefit rate fixed as of May 3, 1978 must prevail. This is because Section 306(a) of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511, requires that total disability benefits be computed at two-thirds of such wages as are computed under Section 309 of the Act, 77 P.S. §582. In the latter section, wage computation for employees paid as the Claimant was in this case shall be such wages so computed "at the time of the injury." *See Williams v. County of Allegheny,* 55 Pa. Commonwealth Ct. 432, 423 A.2d 1097 (1980); *Polk v. Western Bedding Co.,* 145 Pa. Superior Ct. 142, 20 A.2d 845 (1941).

---

[1] Section 306(a) of the Act, 77 P.S. §511.

Accordingly, since a proper wage base for the present award would be $155.77, with a benefit rate of $106.50, as fixed in the original agreement, we must vacate the Board's order and will remand for a correct computation of benefits and the interest thereon.

## ORDER

Now, this 20th day of March, 1986, the decision of the Workmen's Compensation Appeal Board in the above matter is vacated and the case is remanded to the Workmen's Compensation Appeal Board for computation of benefits in accordance with the preceding opinion. Jurisdiction relinquished.

DISSENTING OPINION BY JUDGE BARRY:

I agree with the major premise of the majority opinion that the claimant's compensation should be based on the salary he was earning at the time of the initial injury, as we are here presented with a recurrence of that injury rather than a new injury or an aggravation of a prior injury. Unfortunately for the employer, the argument it advances to this effect has been waived, as this argument is presented to this Court without having been advanced before the Board. Hence this dissent.

When the employer appealed the referee's award which computed compensation on claimant's 1982 earning levels, the employer alleged only that the referee's factual findings were not supported by substantial evidence. No allegation of error was made concerning reliance on an improper average weekly wage standard. Under these circumstances, I believe that the employer is precluded from now raising this question for the first time in this Court. *See Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Accordingly, I would affirm the order of the Board.