649 A.2d 174

**Stanley W. COHEN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (JEWISH COMMUNITY CENTER and PMA Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 13, 1994.

Decided Oct. 12, 1994.

John F. McElvenny, for petitioner.

Howard M. Ellner, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Stanley W. Cohen (Claimant) petitions for review of the September 21, 1993 order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting his claim petition for workers' compensation benefits for periods of total and partial disability against the Jewish Community Center (Employer) pursuant to The Pennsylvania

Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031. The issues presented include whether the Board, in affirming the referee, erred as a matter of law and ignored substantial competent testimony in finding that what Claimant terms a "gratuity" which he received from a Temple for services as a cantor constituted earnings and evidence of Claimant's earning capacity supporting a change in his condition from total to partial disability on January 1, 1984.

Claimant testified that he was employed by Employer as a controller and in November 1983, he filed a claim petition alleging that unreasonable job demands, inhumane treatment, and a pattern of harassment over a period of time led to his acute duodenal ulcer and emotional distress. At the hearing before the referee, Claimant presented evidence that he also suffered from work-related hypertension and arrhythmia. Claimant further testified that since 1981, he has been a cantor at a Temple where he receives funds on a monthly basis as a parsonage or housing allowance and that since his alleged disability, he has received income by preparing tax returns and performing accounting work. The referee found that the psychological stress Claimant experienced while employed by Employer caused an aggravation injury of Claimant's pre-existing ulcer rendering him totally disabled from October 19, 1983 through January 25, 1984; and Claimant failed to prove that he suffered any mental or psychic disorder or that he was mentally or psychologically disabled as a result of job stress.

The Board affirmed the referee's order; however, this Court vacated the Board's order and remanded the matter to the referee to determine:

(1) Whether Claimant suffers from work-related hypertension and arrhythmia; and, if so, whether either condition renders Claimant totally or partially disabled; and, if partially disabled, whether work is available to Claimant within his physical capabilities; and,

(2) Whether there is substantial competent credible evidence to establish that Claimant's physical disability either

ceased altogether or partially, taking into consideration the ulcer disease, hypertension and arrhythmia; and, if so, the date on which Claimant was no longer, in any way, physically disabled or the date on which Claimant became partially disabled; and, if partially disabled, whether work is available to Claimant within his physical capabilities.

*Cohen v. Workmen's Compensation Appeal Board (Jewish Community Center of Greater Philadelphia)* (No. 1637 C.D. 1989, filed April 25, 1990), slip op. at 6 (footnote omitted).

Referee Olin took no additional evidence or testimony on remand and found that the work stress caused by employment with Employer triggered Claimant's hypertension and arrhythmia requiring medical evaluation and treatment. Claimant's work injuries (i.e., a reactivated ulcer condition, hypertension, and arrhythmia) while stable after January 25, 1984, had not fully resolved and required control through medication and avoidance of stressful conditions; the medication necessary to treat Claimant's conditions affected his ability to concentrate; and any exposure to stress including return to prior work duties would exacerbate Claimant's ulcer and blood pressure as well as trigger arrhythmia, all to the detriment of his physical health. Referee Olin affirmed the initial referee's finding regarding the amount Claimant received as a cantor [1] and further found that since January 25, 1984, Claimant earned income preparing tax returns and performing accounting functions for individuals. Referee Olin concluded that Claimant was totally disabled from October 19, 1983 to December 31, 1983, and partially disabled from January 1, 1984 for a period of five hundred weeks. The Board affirmed his decision.

■ This Court's scope of review of the Board's decision is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *See Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth

---

1. The referee found that Claimant's Temple wages were $6,000 in 1984; $6,300 in 1985; $6,600 in 1986; and $6,600 in 1987.

Ct. 436, 550 A.2d 1364 (1988). Specifically, Claimant contends that the referee and Board erred as a matter of law in failing to award continuing total disability benefits until his full recovery or until he is capable of returning to work at the same or alternate employment.

In a claim petition, the claimant has the burden to prove the existence and continuance of a work-related injury which resulted in a loss of earning power until the referee renders a decision in the matter. *Rossi v. Workmen's Compensation Appeal Board (City of Hazleton)*, 164 Pa.Commonwealth Ct. 233, 642 A.2d 1153 (1994). Earning power is the ability to earn income, and refers generally to the capacity to perform an occupation or obtain remunerative employment. *Chichester School District v. Workmen's Compensation Appeal Board (Fox)*, 140 Pa.Commonwealth Ct. 224, 592 A.2d 774 (1991). Thus the determinative question is whether Claimant's additional remuneration from the Temple and tax services can be considered as evidence of his earning power.

Claimant argues that the referee and Board erred as a matter of law in concluding that since board and lodging are included in the computation of average weekly wage, the amount which Claimant received from the Temple must also be considered income for partial disability purposes. Claimant contends that after his injury there was no increase in his wages, and he has suffered a loss of earning power and loss of earning capacity from October 19, 1983, the date of his injury, to the present.

Section 306(b) of the Act, 77 P.S. § 512, provides the schedule of compensation for partial disability and states in pertinent part:

For disability partial in character ... sixty-six and two-thirds per centum of the difference between the wages of the injured employe, as defined in section three hundred and nine, and the earning power of the employe thereafter; but such compensation shall not be more than the maximum compensation payable. This compensation shall be paid during the period of such partial disability ... but for not more than five hundred weeks.

The "earning power of the employe thereafter" in Section 306(b) is not limited to earning power which is first obtained after the injury. It can also be earning power from a job held at the time of the injury. In *Fronczak v. Workmen's Compensation Appeal Board,* 157 Pa.Commonwealth Ct. 374, 629 A.2d 1060 (1993), this Court noted that had the employer not waived the issue, the employer could have deducted the wages from the claimant's second job from the amount for which it was held liable. Therefore, if Claimant's wages from the Temple are evidence of his earning power, then that amount must be deducted from the amount which Employer must pay pursuant to the partial disability provisions of Section 306(b).

Claimant next argues that the Board, in affirming the referee, erred in ignoring substantial competent testimony and finding that the alleged gratuity which Claimant received from the Temple represented earnings and evidence of Claimant's earning capacity. Claimant cites *Lenkiewicz v. Workmen's Compensation Appeal Board,* 39 Pa.Commonwealth Ct. 241, 243, 395 A.2d 307, 309 (1978), which defines a gratuity as "something acquired without bargain or inducement; something given freely or without recompense; a gift; something voluntarily given in return for a favor or specially a service"; and argues that the amount he received from the Temple was a gratuity for a service performed. To support this contention, Claimant maintains that the nature of the service performed was not related to the business activities of the Temple, he did not enter into a contract or bargain with the Temple concerning the sum received, there was no bargaining and the parsonage was given freely, and the Internal Revenue Service has special taxation rules for clergy which exempt the amount of his Temple income from taxable income.

The ultimate fact finder in a workers' compensation case is the referee who has the sole prerogative of assessing credibility and resolving conflicts in testimony; and the referee may accept or reject, in whole or in part, the testimony of any witness. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd,* 531 Pa. 287, 612 A.2d 434

(1992).   The facts that Claimant received periodic increases in his wages from the Temple and had performed weekly services as a cantor for several years provide substantial evidence to support Referee Olin's finding that the regular routine of Claimant's work as a cantor rises to the level of part-time employment which, pursuant to Section 306(b), rebuts the presumption of continuing total disability.[2]   Furthermore, the fact that there are special taxation rules for clergy is irrelevant as to whether Claimant's wages from the Temple demonstrate earning capacity or power under the Act.   Claimant cannot be deemed totally disabled under the Act and Referee Olin therefore did not err in awarding partial disability benefits.   Thus the order of the Board is affirmed.

## ORDER

AND NOW, this 12th day of October, 1994, the order of the Workmen's Compensation Appeal Board is affirmed.

---

**2.**   The amount Claimant earned is not de minimis and serves to rebut any presumption of total disability.   *See Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar),* 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987) (where $1500 over three semesters which the claimant received as a graduate researcher was considered de minimis and did not rebut the presumption of total disability.)