**Francis CONNORS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BP OIL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 5, 1995.

Decided Aug. 18, 1995.

Arthur G. Girton, for petitioner.

---

Debra Lee Bowers, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Francis X. Connors (Claimant) appeals an order of the Workmen's Compensation Appeal Board which modified a referee's calculation of his total disability benefits.

Claimant was employed by B.P. Oil (Employer) as a boiler maker when he suffered an injury to his lower back on March 24, 1987. He filed a claim petition on July 2, 1987, and Employer filed an answer denying the allegations in the petition.

A hearing was held and the referee found that the evidence proffered by Claimant was credible and convincing and that he was injured in the course of his employment and was entitled to total disability benefits. The referee also found that as of November 1987 Claimant attained employment with Core States Bank which was within the physical limitations set by his physician. Claimant also had received from Employer twenty-six weeks of short term disability pay at his full rate of pay, and twenty-six weeks of pay at half of his full rate of pay. The referee concluded that Claimant's average weekly wage was $611.20 and that Employer was entitled to a reduction of Claimant's weekly benefit rate by the amount of Claimant's average weekly wage earned from his employment with Core States. The referee also granted Employer a credit for the amount paid for Claimant's short term disability benefits.

Claimant appealed the calculation of Claimant's average weekly wage to the Board which remanded the case for further findings. Based on pay stubs submitted by Claimant from December 31, 1986, through March 26, 1987, the referee concluded that Claimant's average weekly wage was $947.77, not $611.20 as previously determined. Employer appealed to the Board contending that

the referee erred in calculating Claimant's pre-injury average weekly wage.[1] The Board held that

Section 309(f) of the Act 77 P.S. § 582(f) [2] provides the formula for the calculation of average weekly wage. The claimant submitted 13 pay stubs beginning with the pay stub [for] the last pay period in the 4th quarter of 1986 dated as of December 28, 1986 [Sunday] in the amount of $1406.16 and ending with the pay stub of March 22, 1987 [Sunday], the pay stub for the pay period immediately preceding the work injury. Defendant argues and we agree that the claimant's average weekly wage calculation should have begun with the first pay stub for the quarter beginning January 1, 1987 and ending with 13 weeks thereafter with the pay stub for the weekly period including the date of the claimant's work accident on [Tuesday] March 29, 1987 [sic]. Therefore, the pay stub of December 28, 1986, in the amount of $1406.16 should be dropped from the calculation and a pay stub of $611.20 representing the wages for the week ending March 29, 1987 should be added. This results in an average weekly wage of $866.62. We will, therefore, modify the [referee's] Decision to provide that the claimant's applicable average weekly wage was $886.62.

Board Opinion at 3–4.

Claimant appeals, arguing that the Board's formulation utilizes wages earned subsequent to his date of injury in contravention of Section 309(d) of the Act, 77 P.S. § 582(d). We hold that the analysis of the referee, the Board, Claimant and Employer is incomplete and for the reasons which follow we will remand this case.

■ Claimant contends that his average weekly wage must be calculated according to Section 309(d) of the Act, 77 P.S. § 582(d), which provides in relevant part:

1. Employer also argued that Claimant's benefits should not begin on his date of injury, since he continued to work at full pay until June 4, 1987. The Board agreed and modified the referee's order to provide that total disability benefits be-gin as of June 5, 1987. Claimant did not appeal that determination.

2. Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582(f).

If at the time of the injury the wages are fixed by the day, hour or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth **period** of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury, . . . (Emphasis added.)

Claimant is an hourly rate employee and submitted pay stubs from the pay period ending December 28, 1986, through the pay period ending March 22, 1987, the last full pay period before Claimant's date of injury on March 24, 1987. The Board then utilized thirteen pay weeks of the calendar quarter which included Claimant's injury date (January 4, 1987, through March 29, 1987) to determine his average weekly wage.

█ Clearly this formulation is in error under Section 309(d) of the Act. First, there is no justification under the Act for considering wages earned after the date of injury for the purposes of calculating average weekly wage. *See Ringgold School District v. Workmen's Compensation Appeal Board (Belak)*, 96 Pa.Commonwealth Ct. 111, 507 A.2d 876 (1986) (wage computation for employees shall be such wages so computed at the time of injury).

█ Second, Section 309(d) of the Act requires a comparison of the four thirteen week periods preceding the injury. We note that these "calendar periods" are distinct from "calendar quarters" used in other calculations under Section 309.[3] "Calendar quarters" are distinct from the thirteen week "periods" referenced in Section 309(d), because the term "calendar quarters" refers only to the four periods of three months beginning and ending on January 1 through March 31, April 1 through June 30, July 1 through September 30, and October 1 through December 31. *Follett v. Workmen's Compensation Appeal Board (Massachusetts Mutual Life Insurance Co.)*, 122 Pa.Commonwealth Ct. 58, 551 A.2d 616 (1988), *petition for allowance of appeal denied*, 522 Pa.

606, 562 A.2d 828 (1989). In contrast, the term "calendar periods," means *any* period of thirteen consecutive weeks. Accordingly, David B. Torrey and Andrew E. Greenberg, in their treatise Pennsylvania Workers' Compensation: Law and Practice (1995), recommend the following method of calculation:

Calculation Formula—Counsel must complete a "Method Four" grid that divides the fifty-two (52) week period immediately preceding the date of injury into four (4) thirteen (13) consecutive week periods—with the last thirteen (13) week period ending on the date of the employee's injury.

1 Pennsylvania Workers' Compensation § 6:10. We disagree with WCJ Torrey only insofar as he would include in the calculation the week in which claimant's injury occurred. We believe the better practice is to eschew the week of the claimant's injury and begin with the last completed pay week. It is simply more workable from a record keeping and evidentiary standpoint to calculate the wages on a completed pay week basis rather than by attempting to prorate partial work weeks. Thus, in this case, the referee should have considered Claimant's total wages in each of the four thirteen week periods preceding his injury beginning with the pay week ending March 22, 1987, back to the pay week ending on or about March 22, 1986. Each thirteen week period is then divided by thirteen and the wage most favorable to Claimant is his average weekly wage.

However, this does not end the calculation. The Board, relied upon Section 309(f) of the Act, 77 P.S. § 582(f), which provides, in relevant part:

In no case shall an employe's average weekly wage be less than one-thirteenth of his highest calendar quarter wage amount in the first four of the last five completed *calendar quarters* immediately preceding the date of his injury, and compensation payments may be commenced on this basis unless other information obtained from the employe or employer establishes a highest weekly wage under this section. (Emphasis added.)

In recalculating Claimant's average weekly wage, the Board only considered the thirteen

---

**3.** *See, e.g.,* discussion of Section 309(f) of the Act, *supra.*

weeks of the quarter in which Claimant was injured, *viz.*, the pay week ending January 4, 1987 through the week ending March 29, 1987. Section 309(f) mandates consideration of *completed* calendar quarters *preceding* Claimant's injury. Moreover, the section demands that the calculation be based on the first four of the last five completed calendar quarters, not just one quarter. Therefore, the Section 309(f) calculation should have been based on Claimant's total wages for the periods of October 1, 1985, through December 31, 1985, January 1, 1986 through March 31, 1986, April 1, 1986, through June 30, 1986, July 1, 1986, through September 30, 1986; the weekly wages must be totaled for each quarter and divided by thirteen. The highest wage as calculated pursuant to Section 309(f) of the Act then must be compared to Claimant's highest wage as calculated pursuant to Section 309(d) of the Act. The wage most favorable to Claimant is then Claimant's average weekly wage.

We note that employer suggests that it is incumbent upon Claimant to produce pay stubs for wages which he earned while working for Employer. We find such a method cumbersome when such records are already in Employer's possession and in a format from which it is much easier to draw data for the appropriate calculations. Accordingly, since it appears from the record that neither party, nor the referee nor the Board performed the proper calculations to determine Claimant's average weekly wage, this case must be remanded by the Board to the referee to conduct further proceedings in accordance with this opinion.

### ORDER

NOW, August 18, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and this case is remanded to the Board with instructions to remand this matter to the referee to hold further proceedings to determine the average weekly wage of Francis X. Connors in accordance with this opinion.

Jurisdiction relinquished.