The BRYN MAWR HOSPITAL, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (O'CONNOR AND SELF–INSURED c/o QUALMED/COMPTEK), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 26, 1997.

Decided Oct. 23, 1997.

Stephen T. Potako, Philadelphia, for petitioner.

Eleanor T. Segal, Philadelphia, for respondent, Marie O'Conner.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether an employee who elects a voluntary retirement program, but is injured before such program goes into effect, is entitled to workers' compensation benefits, if the employee proves that she had not removed herself from the work force.

Bryn Mawr Hospital (Employer) appeals from the order of the Workers' Compensation Appeal Board (WCAB) that affirmed and modified the Workers' Compensation Judge's (WCJ) grant of compensation benefits indefinitely. We affirm, as modified.

Claimant worked for Employer as a laundry worker. In the Spring of 1993, Claimant elected to take a voluntary retirement program offered by Employer. Under this program, Claimant's retirement would become effective October 1993.

On July 16, 1993, prior to retirement package effective date, Claimant sustained a work-related injury, causing her to no longer be able to perform her pre-injury job. Claimant retired as scheduled.

On October 25, 1993, she filed an original claim petition, seeking benefits for the July 16, 1993 work injury. Employer denied all allegations and a hearing was held before the WCJ.

At the hearing, Claimant testified and Claimant's expert's deposition was introduced into evidence. Employer introduced the deposition testimony of its expert. The WCJ credited Claimant's expert over Em-

ployer, finding Claimant had sustained a work-related injury. The WCJ granted benefits into the indefinite future based upon Claimant's testimony, which the WCJ credited, that Claimant's injury prevents her from returning to her pre-injury employment and also prevents her from baby-sitting her grandchildren, the employment which she sought to perform after her retirement with Employer. (Finding of Fact 8 and 15.)

On appeal to the WCAB, Employer limited its arguments to: 1) whether Claimant voluntarily withdrew from the work force, and 2) a challenge of the compensation rate and average weekly wage.[1] The WCAB affirmed, holding that while Claimant had voluntarily retired from work with Employer, she had not withdrawn from the labor market and thus, was entitled to benefits.

■ On appeal to this Court,[2] Employer argues that the WCAB erred in affirming the WCJ, because the finding that Claimant's withdrawal from the work force was solely a result of her work injury and the finding regarding Claimant's wage loss was not supported by substantial evidence.[3]

■ Employer first argues that Claimant failed to meet her burden of proving that her work-related disability extended beyond October 1993, when she voluntarily retired, citing *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Employer asserts that *Inglis House* and its progeny hold that a workers' compensation claimant seeking to establish an original entitlement to benefit bears the burden of proving that a compensable disability extends throughout the pendency of the litigation on the claim petition. *Id.; Southern Chester County Hospital v. Workers' Compensation Appeal Board (Sinsheimer)*, 676 A.2d 315 (Pa.Cmwlth.1996).

While this is the law, the WCJ found as fact that Claimant had a baby-sitting job waiting for her after her retirement from Employer. Unfortunately, Claimant was injured and could not perform that job. Claimant testified she was not retiring from employment *per se*, but only retiring from Employer's staff.

Employer attempts to buttress its argument by stating that Claimant's "baby-sitting" job was only *de minimis* employment, which she would do without pay had she been asked by her children, citing *Cohen v. Workmen's Compensation Appeal Board (Jewish Community Center)*, 168 Pa.Cmwlth. 103, 649 A.2d 174 (1994). However, *Cohen* actually supports Claimant's position, because we held that income received from any type of job raises that job to the level of employment.

The WCJ found as a fact that Claimant had not withdrawn from the work force when she elected to take early retirement from Employer. This finding is supported by Claimant's testimony that she was going to an actual job which was waiting for her and, "but for" the injury she would have worked as a baby-sitter. This is not a situation where the claimant was voluntarily leaving the job market but instead was prepared to go from one job to another. *See Patterson–Kelly Co. v. Workers' Compensation Appeal Board (Woodrow)*, 137 Pa.Cmwlth. 567, 586 A.2d 1043 (1991). Therefore, we hold that the WCJ's finding was supported by substantial evidence.

■ Next, Employer argues, for the first time on appeal to this Court, that the average weekly wage and compensation should be adjusted to post-surgery income, reflecting Claimant's salary from the proffered baby-sitting job and should not be computed based on wages earned on the date of her injury. We do not agree.

1. The compensation rate and average weekly wage was resolved by stipulation.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

3. Substantial evidence is such relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the fact-finder, might accept as adequate to support the conclusion reached. *Centennial School District v. Pennsylvania Department of Education*, 94 Pa.Cmwlth. 530, 503 A.2d 1090 (1986), *aff'd*, 517 Pa. 540, 539 A.2d 785 (1988).

■ Employer did not raise this argument before the WCAB and thus, this argument is waived.[4] However, we note that under *Inglis House*, the claimant bears the burden of proving a compensable disability extends throughout the pendency of litigation. Claimant testified that she did not intend to work any other job other than baby-sitting and that this would last for no more than two years. Therefore, we will modify the indefinite grant of benefits to a period not to exceed two years from February 23, 1994, the date Claimant testified that she would baby-sit for no more than two years.

Accordingly, we affirm, as modified.

### ORDER

AND NOW, this 23rd day of October, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed, as modified.

---

4. Even if Employer had not waived this argument, pursuant to Section 309 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582, an average weekly wage is computed on the date of the injury. *Connors v. Workmen's Compensation Appeal Board (B.P.Oil)*, 663 A.2d 887 (Pa.Cmwlth. 1995). There is no legal justification for considering wages earned after the date of injury. *Ringgold School District v. Workmen's Compensation Appeal Board (Belak)*, 96 Pa.Cmwlth. 111, 507 A.2d 876 (1986).