**Jennifer RUTTER,**

v.

**Felix Carantini RIVERA; Mousa Natan; Leora D. Natan, Felix Carantini Rivera, Appellant.**

No. 02–1802.

United States Court of Appeals, Third Circuit.

Argued Feb. 27, 2003.

Decided Aug. 29, 2003.

Kevin R. McNulty (Argued), Gerolamo, McNulty, Divis & Lewbart, The Lewis Tower Building, Suite, Philadelphia, PA, for Appellant.

Thomas F. Sacchetta (Argued), Sacchetta & Baldino, Media, PA, for Appellee.

Before SCIRICA, Chief Judge,[*] GREENBERG and GIBSON,[**] Circuit Judges.

## OPINION OF THE COURT

GIBSON, Circuit Judge.

Felix Carantini Rivera appeals from the district court's denial of his motion for a new trial[1] after the jury returned a verdict in favor of appellee Jennifer Rutter finding Rivera liable in negligence for damages arising out of an automobile accident on August 12, 1998. Rivera argues that Rutter is precluded from seeking damages for lost wages in her negligence action by an earlier workers' compensation decision that denied her benefits for this accident. Consequently, Rivera argues that he is entitled to a new trial on the question of damages. We conclude that collateral estoppel applies to the workers' compensation decision and bars Rutter's claim for lost wages. We will reverse the district court's judgment and remand this case for a new trial limited solely to the issue of damages.

### I.

In August, 1998, Rutter was employed by Valens Information Systems as a local area network administrator, which involved frequent trips to client sites to install and maintain computer systems. On August 12, 1998 while returning from a client site to her office at Valens, Rutter was involved in an automobile accident on Route 420 in Delaware County, Pennsylvania. While driving on Route 420, Rutter

[*] Judge Scirica began his term as Chief Judge on May 4, 2003.

[**] The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Ordinarily, an order denying a motion for a new trial is not a final, appealable order, and appeal should be taken from the judgment. *Greenwood v. Greenwood,* 224 F.2d 318, 319 (3d Cir.1955). However, where the notice of appeal was timely filed, we may treat this appeal as if it were from the final judgment. *Cowger v. Arnold,* 460 F.2d 219, 220 (3d Cir. 1972).

was forced to quickly apply her brake when a car driven by Leora Natan stopped in front of her. Rutter was then struck from behind by an automobile driven by Rivera.

After this accident, on August 31, 1998, Rutter filed a claim petition for workers' compensation benefits with the Pennsylvania Bureau of Workers' Compensation. On August 10, 2000, Rutter filed a complaint in the Eastern District of Pennsylvania against Rivera, Leora Natan, and her husband Mousa Natan seeking damages for negligence. The Natans later settled their claim with Rutter. On January 5, 2001, the workers' compensation judge denied Rutter's claim for benefits. On October 5, 2001, ten days before the scheduled trial date of October 15, Rivera moved the district court for leave to amend his answer to include the defenses of res judicata and collateral estoppel. Rivera argued that the denial of Rutter's workers' compensation claim precluded her from claiming damages for lost wages in her negligence action. On October 15, 2001, shortly before trial began, the district court denied this motion. At the conclusion of the trial, the district court instructed the jury that Rutter was entitled to damages for past and future pain and suffering, embarrassment and humiliation, enjoyment of life, and wage loss. The district court instructed the jury that they were to award Rutter damages for lost wages if the jury found that Rutter's wage loss was caused by Rivera's and Leora Natan's negligence. After trial, the jury returned a verdict finding Rivera sixty-seven percent negligent for the accident[2] and awarded Rutter damages totaling $71,000.

After trial, Rivera brought a motion for a new trial challenging the district court's denial of leave to amend his answer and

the court's instruction to the jury on the issue of Rutter's lost wages on the grounds that Rutter was precluded from recovering her lost wages by the decision on her workers' compensation claim. Rivera also challenged the district court's rulings on several evidentiary matters. The district court denied this motion on the grounds that the workers' compensation decision was not yet final, because at the time of trial Rutter had appealed the denial of her workers' compensation claim and that appeal was pending. Rivera filed this appeal.

## II.

Before we address Rivera's principal argument based on collateral estoppel, we briefly consider his challenges to the district court's evidentiary rulings and its failure to sustain an objection to statements made by Rutter's counsel during closing argument.

### A.

During the cross-examination of Dr. Ingram, Rutter's treating physician and expert witness, Rivera's counsel offered into evidence two medical records from two other doctors who had also treated Rutter. The first record was from a neurologist who treated Rutter for injuries she sustained in another automobile accident that occurred after the August 12, 1998 accident. In this report, the neurologist stated that Rutter claimed she had fully recovered from the August 12, 1998 accident. The second record was from a different doctor who had treated Rutter after she was involved in an automobile accident that occurred in 1994. This doctor stated that Rutter had been complaining about neck pain ever since she was

---

**2.** The jury assessed the remaining thirty-three   percent negligence to Leora Natan.

involved in that accident. Rutter's counsel objected to both records on grounds of hearsay, and the district court sustained this objection.

We review a district court's decision on the admissibility of evidence for abuse of discretion. *Affiliated Mfrs., Inc. v. Aluminum Co. of America,* 56 F.3d 521, 525 (3d Cir.1995). Even if we conclude that the district court erred, we will not remand the case for a new trial if it is highly probable that the court's error did not affect the outcome of the trial. *Barker v. Deere & Co.,* 60 F.3d 158, 164 (3d Cir. 1995). Although Rivera acknowledges that the records are hearsay, he argues that the district court should have allowed both records into evidence because they fall under the hearsay exception for statements for purposes of medical diagnosis in Federal Rule of Evidence 803(4). However, even if Rutter's statements to her doctors were admissible under this (or any other) exception, the doctors' reports that contain her statements are themselves hearsay, and Rivera offers no argument either before the district court or here for why these reports are admissible. Although medical reports may be admitted under the hearsay exception for records of regularly conducted activities in Federal Rule of Evidence 803(6), Rivera did not lay the requisite foundation under this rule for the admission of these records when his counsel was cross-examining Rutter's expert witness during his videotaped deposition in the court below. Consequently, we cannot conclude that the district court abused its discretion in sustaining Rutter's objections to this evidence.

### B.

▮ Rivera also argues that the district court erred in not sustaining his objection to part of the closing argument made by Rutter's counsel. In closing argument, Rutter's counsel suggested to the jury a method by which they could quantify Rutter's pain and suffering for the purpose of calculating a damage award. He stated:

> I leave you this thought in terms of damages. What do we do when we want to have fun? What do we do when we want to get away from our humdrum everyday life? Myself, I have three boys. I like to take them to the movies. What's it cost to go to the movie to get popcorn, soda, to do that? For just an hour's worth of time, what's it cost to do that? Multiply that, if you will, ladies and gentlemen, over the fifteen months, and I think you'll find out. . . .

Rivera now argues that the district court's failure to sustain his objection constitutes reversible trial error because Rutter's counsel was forbidden from making specific suggestions as to the value of his client's claim.

The district court's decision to deny a motion for a new trial on the basis of prejudicial remarks in closing argument is reviewed for abuse of discretion. *Salas ex. rel. Salas v. Wang,* 846 F.2d 897, 903, 907 (3d Cir.1988). Contrary to Rivera's assertions, "[t]he question whether plaintiff's counsel may request a specific dollar amount for pain and suffering in his closing remarks is a matter governed by federal law." *Waldorf v. Shuta,* 896 F.2d 723, 744 (3d Cir.1990). We have held that plaintiff's counsel may not make such a request. *Id.* In this case, however, Rutter's counsel did not request a specific dollar amount for Rutter's pain and suffering, and we have never extended the prohibition set forth in *Waldorf* to include comments that suggest a method for quantifying the plaintiff's suffering. The method proposed by Rutter's counsel, analogizing the dollar value of one hour of pain and suffering to the cost of taking one's three sons to the movies, is much too

imprecise to be considered the equivalent of suggesting an actual dollar value. Therefore, the district court did not abuse its discretion in denying Rivera's motion for a new trial on the basis of this comment.

## III.

### A.

█ We review the district court's decision to deny a motion for a new trial for abuse of discretion, although we review pure questions of law de novo. *Foster v. Nat'l Fuel Gas Co.*, 316 F.3d 424, 429–30 (3d Cir.2003). In determining whether the district court erred in not granting Rivera a new trial on the grounds of collateral estoppel, we must first address Rutter's argument that Rivera is not entitled to a new trial because he failed to plead collateral estoppel in his answer and therefore waived this defense. *See* Fed.R.Civ.P. 8(c). Although Rivera did not plead collateral estoppel in his answer, he requested leave to amend his answer to include this defense ten days before trial, but the district court denied this request on the first day of trial. In his motion for a new trial, Rivera argued not only that the district court erred in instructing the jury on the issue of Rutter's lost wages, but also that it abused its discretion in denying him leave to amend his answer.[3] Rivera has not waived this defense if the district court abused its discretion in denying him leave to amend his answer. *See Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir.1990) (stating that the court's decision to deny leave to

amend a complaint is reviewed for abuse of discretion).

Rutter argues that the district court did not abuse its discretion because Rivera did not attempt to amend his answer until ten months after the workers' compensation judge denied Rutter's claim for benefits. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" and embodies a liberal approach to the allowance of amendments. *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886–87 (3d Cir.1992). We have interpreted this Rule to require the court to grant leave to amend even when the moving party has delayed in proposing the amendment, so long as the opposing party is not prejudiced by the delay. *See Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir.1984) ("Delay alone . . . is an insufficient ground upon which to deny a motion to amend."); *see also Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir.1991) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed"). In this case, Rutter would not have been prejudiced by the amendment even though Rivera filed his amended answer ten days before trial. Rutter could not have been unaware of or unfairly surprised by the judgment in her workers' compensation claim. Rivera's amendment would have introduced only a new question of law which would not have required Rutter to conduct any further discovery and would not have forced Rutter to put on evidence of any additional facts at trial.

---

**3.** We acknowledge that Rivera's challenge of the district court's denial of leave to amend through a motion for new trial is unorthodox. Typically, such a decision is reviewed in the course of an appeal from the final judgment. 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1484 (2d ed.1990). However, we see no reason why Rivera should not have been

able to bring this challenge in a motion for a new trial, since the basis for a new trial can be any error of law committed by the trial judge. *Cf. Akrabawi v. Carnes Co.*, 152 F.3d 688, 693 (7th Cir.1998) (affirming on appeal the district court's denial of plaintiff's motion for new trial, asserting that the district court erroneously granted defendant leave to amend answer).

Furthermore, although Rutter's sole expert witness, Dr. Ingram, testified via a videotaped deposition taken on August 13, 2000, before Rivera's motion to amend, instead of at trial, Rivera's collateral estoppel defense to Rutter's claim for lost wages would not have required Rutter to solicit any additional testimony from this expert. Therefore, since Rutter would not have been prejudiced by Rivera's delay in asserting his collateral defense, we conclude that the district court abused its discretion in denying Rivera leave to amend, and consequently Rivera has not waived the defense of collateral estoppel.

## B.

■ The question of whether the workers' compensation decision has collateral estoppel effect on Rutter's claim for wage loss damages in her negligence action is governed by Pennsylvania law. *See Crossroads Cogeneration Corp. v. Orange & Rockland Util., Inc.,* 159 F.3d 129, 135 (3d Cir.1998); *cf. Jones v. United Parcel Serv.,* 214 F.3d 402, 405 (3d Cir.2000). Under Pennsylvania law, "collateral estoppel principles apply to judgments from [workers'] compensation boards in subsequent common law tort actions." *McCullough v. Xerox Corp.,* 399 Pa.Super. 135, 581 A.2d 961, 964 (1990). In order for the doctrine of collateral estoppel to apply, (1) the issue decided in the prior adjudication must be identical to the one presented in the later action, (2) there must have been a final judgment on the merits, (3) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the prior adjudication, and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior action. *Id.* Rivera

contends the decision by the workers' compensation judge that Rutter was not disabled as a result of the August 12 accident meets these requirements with respect to the issue of whether Rutter can recover in her civil action for lost wages incurred as a result of that accident.

The district court held, and Rutter argues on appeal, that the decision of the workers' compensation judge was not a final judgment and therefore cannot have collateral estoppel effect, since Rutter's appeal of that decision was pending before the Workers' Compensation Appeal Board at the time of trial. However, under Pennsylvania law, "a judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal." *Shaffer v. Smith,* 543 Pa. 526, 673 A.2d 872, 874 (1996). In *Yonkers v. Donora Borough,* 702 A.2d 618, 621 (Pa. Cmwlth.1997), the Pennsylvania Commonwealth Court specifically held that a final decision of a workers' compensation judge could have issue-preclusive effect in a subsequent civil action even if an appeal of that decision was pending before the Workers' Compensation Appeal Board at the time of the civil trial. The court based its conclusion on the same rationale that animated the Pennsylvania Supreme Court's holding in *Shaffer:* that allowing a pending appeal to bar the operation of collateral estoppel would frustrate the doctrine's purpose of preventing the protraction and duplication of litigation. We see no reason why the Pennsylvania Supreme Court, given its reasoning in *Shaffer,* would decline to follow *Yonkers.* Since the decision of the workers' compensation judge had not yet been reversed on appeal at the time of trial, we conclude that it was a final judgment for purposes of collateral estoppel.[4]

4. On June 18, 2002, the Pennsylvania Work- ers' Compensation Appeal Board affirmed the

We further conclude that the issue decided in the workers' compensation proceeding is identical to Rutter's wage loss claim for purposes of collateral estoppel. The workers' compensation judge, in denying Rutter's claim for benefits, specifically concluded that Rutter "failed to meet her burden of proving that she sustained a work-related injury on August 12, 1998 from which she was disabled from performing her 'pre-injury' position."[5] The Pennsylvania courts have repeatedly defined "disability" as a loss of earning power. *E.g., Nelson v. Heslin,* 806 A.2d 873, 877 (Pa.Super.2002) (quoting *Kmart v. W.C.A.B. (Williams),* 771 A.2d 82, 85 (Pa. Cmwlth2001)). "Earning power," in turn, has been defined as "the ability to earn income," and refers generally "to the capacity to perform an occupation." *Cohen v. W.C.A.B. (Jewish Community Center),* 168 Pa.Cmwlth. 103, 649 A.2d 174, 176 (1994). In concluding that Rutter was not disabled as a result of the accident, the workers' compensation judge decided that any injury Rutter may have suffered did not impair her capacity to perform in her pre-injury occupation as a computer network administrator. This conclusion implies that any wage loss incurred by Rut-

ter after the accident was not caused by that accident. Because Rutter must show that her wage loss was caused by Rivera's negligence in order to recover lost wages in her negligence action, *see, e.g., Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 97 A.2d 816, 819–820 (1953), and the workers' compensation decision effectively decided this element against her, Rutter was collaterally estopped from litigating her claim for lost wages in her negligence action against Rivera.

Therefore, the district court erred in not granting Rivera a new trial on the question of damages, and we will remand this case to the district court for a new trial on damages in which Rutter may not put on any evidence of wage loss.

For the foregoing reasons, we will reverse and remand.

---

decision of the workers' compensation judge in Rutter's case.

**5.** Rutter argues that the workers' compensation proceeding could not have resolved the issue of whether she was entitled to lost wages in her negligence action because the workers' compensation judge found only that Rutter "did not sustain a work-related injury within the meaning of the Act" and simply denied Rutter's claim for benefits without specifying the grounds upon which this denial was based. However, Pennsylvania courts have given preclusive effect to specific conclusions of law in the opinion of the workers' compensation judge. *See, e.g., Frederick v. Action Tire Co.,* 744 A.2d 762, 767 (Pa.Super.1999). Furthermore, the workers' compensation judge noted that in reaching his conclusion, he found more persuasive the ex-

pert witnesses presented by Rutter's employer, who testified that in the course of his examination of Rutter, he found no indication that Rutter suffered an injury that would be disabling. Even if the findings and conclusions of the workers' compensation judge could not preclude Rivera's liability for all damages in this negligence action, *see Nelson v. Heslin,* 806 A.2d 873, 877–78 (Pa.Super.2002) (reversing a grant of summary judgment on the grounds that a workers' compensation decision that an employee was not disabled does not preclude a jury's conclusion that the employee is entitled to some compensation for her injury in a subsequent negligence action), Rivera argues only that this conclusion precludes Rutter from recovering for lost wages after the accident.